# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-15-02231-001-TUC-CKJ (LCK) |
| Plaintiff, | **ORDER** |
| v. | |
| Chester Wayne Wilson, | |
| Defendant. | |

On November 19, 2015, Drug Enforcement Agency (DEA) agents arrested Defendant for possession of methamphetamine for distribution.  The arrest was made at the FedEx Shipping facility located at 3601 E. Columbia Street, Tucson, Arizona, and the Agents were there to intercept a package containing methamphetamine that Florida agents said was intended to be mailed by Defendant to Panama City, Florida that afternoon.  On December 16, 2015, Defendant was indicted for Possession With Intent to Distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. 841(a)(1) and 841(b)(1)(B)(viii).  (Doc. 8).

Defendant filed a Motion to Suppress Statements and a Motion to Suppress Fruits of Illegal Seizure. (Docs. 29, 30). Evidence and argument were heard on July 18, 2016, and August 17 and 19, 2016 before Magistrate Judge Lynette C. Kimmins. On September 7, 2016, Magistrate Judge Kimmins issued a Report and Recommendation (R & R), recommending denial of the Motions. (Doc. 69.) The R & R advised that pursuant to Federal Rule of Criminal Procedure 59(b)(2), any party may serve and file written

objections within 14 days of being served with a copy of the R & R. (*Id.*) No objections were filed, and on October 7, 2016, this Court adopted the R & R and denied Defendant's Motions. (Doc. 72.)  Thereafter, The Court granted Defendant's Motion to Extend Time to File Objections to the Magistrate Judge's Report and Recommendation (Doc. 79) and vacated its prior Order adopting the R & R.  (Docs. 79, 83.)  Defendant has now filed his objections, and the Government filed its response.   (Docs. 84, 88.)   Defendant's objections relate only to the Motion to Suppress Fruits of Illegal Seizure and consent to search the package.

The Court has reviewed the Motion to Suppress Statements and the Motion to Motion to Suppress Fruits of Illegal Seizure (Docs. 29, 30), the government's responses (Docs. 37, 38), the R & R (Doc. 69), the hearing transcripts from July 18, 2016 (Doc. 84, Ex.1), and August 17 and 19, 2016 (Docs.  68, 81), Defendant's objections to the R & R (Doc. 84), and the government's response (Doc. 88), and Defendant's reply (Doc. 89).

The Court will adopt the R & R with respect to the Motion to Suppress Statements and deny the Motion.  The Court will also adopt the R & R with respect to the finding of consent to search the package and need not reach the issue of probable cause for the warrantless search.   Therefore, the Court will deny the Motion to Suppress Fruits of Illegal Seizure.

I.	**Background**

The seizure of the package and arrest of Defendant were the result of cooperation between Arizona-based DEA agents and Florida-based DEA Agents Bell and Key in Panama City, Florida. It is undisputed that the Arizona DEA Agents had no warrant to seize the package.  The Magistrate Judge found, *inter alia*, that the Tucson Agents had probable cause to seize the package and that Defendant gave his consent to the search of the package.

Defendant objects to the Magistrate Judge's findings on two grounds: (1) the Magistrate Judge improperly limited the probable cause inquiry to information and evidence obtained after the Arizona DEA Agents received Defendant's identity from the

Florida DEA Agents; i.e. she refused to allow inquiry into how the Florida DEA Agents initially determined Defendant's identity; and (2) the Magistrate Judge improperly found that Defendant had consented to the opening of the package.[1] (Doc. 84 at 5, 10.)

The evidence leading to Defendant's arrest is adequately set forth in the R & R. (Doc. 69 at 2-3.)  Because the Court finds that Defendant gave his consent for the search of the package, the Court need not reach the issue of probable cause and will not further discuss the facts related to that issue.

On November 19, 2015, Arizona DEA agents had a FedEx shipping facility under surveillance, and when the Defendant arrived and handed a package to Shane Karwoski to mail at the FedEx, Defendant and Mr. Karwoski were both arrested. After Defendant's arrest, he participated in an unrecorded interview. Defendant acknowledged signing a Recording Declination form.   (Govt's Exhibit 1). Defendant testified that he did not consent to the opening of the package taken from Shane Karwoski at the time of the arrest. The Government presented evidence (Govt's Exhibit 2) of Defendant's consent to search his phone, which the Defendant claims he did not sign. Defendant asserts that the signature on the consent form does not match the signature on the Recording Declination form.  (Doc. 84 at 4.) The Magistrate Judge found Defendant's statement that the package was not his was not credible and, for the same reason, found Defendant's testimony that he did not consent to a search of the package not credible.  (Doc. 69 at 9.)

## II.    Legal Standards

### A.    Review of R & R

The Court reviews *de novo* the objected-to portions of the Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The Court reviews for clear error the unobjected-to portions of the Report and Recommendation.  *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *see also, Conley v. Crabtree*, 14 F.Supp.2d 1203, 1204 (D. Or. 1998).

---

[1] Defendant does not object to the R & R with respect to the findings relevant to the Motion to Suppress Statements.

**B.      Consent to the search**

Under the Fourth and Fourteenth Amendments, a search made without a warrant supported by probable cause is "per se unreasonable . . . subject only to a few specifically established and well-delineated exceptions." *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973), *quoting Katz v. United States*, 389 U.S. 347, 357, 88 (1967).  One of those exceptions to the warrant and probable-cause requirement is a search conducted pursuant to consent. *Bustamonte,* 412 U.S. at 219.  Defendant does not dispute the legal standard set forth by the Magistrate Judge in the R & R:

> In order for the prosecution to demonstrate that consent was voluntarily given, courts look at the totality of the circumstances surrounding the acquisition of consent. [*Bustamonte,* 412 U.S.] at 223.  Some of the factors taken into account have included "youth of the accused; or his low intelligence; his lack of education; the lack of any advice to the accused of his constitutional rights; the length of detention; the repeated and prolonged nature of questioning; and the use of physical punishment such as deprivation of food or sleep." *Id.* at 226.

(Doc. 69 at 9.)

**III.    Motion to Suppress Fruits of Illegal Seizure**

Defendant seeks an order suppressing the search of the FedEx package, arguing that it was illegal because it was without a warrant or probable cause and arguing, in his reply, that no valid consent was given.  (Doc. 41 at 3-4.)

**A.      The standing ruling was not clearly erroneous**

Defendant told agents that he could not give permission for a search of the package because it was not his. Nevertheless, the Magistrate Judge found Defendant had standing because his testimony disavowing ownership of the package was not credible; Defendant had an ownership interest in the package.

Defendant does not object to this but the Government in its response points out that Defendant has made competing arguments. (Doc. 89 at 3.)

**B.     The totality of the circumstances demonstrate consent to the search**

The R & R found the following facts regarding consent to the search:

> SA Chicas testified that shortly after reading Wilson his Miranda rights and beginning the interview, he asked Wilson if he would consent to a search of the package. According to SA Chicas, Wilson verbally consented to the search. In contrast, Wilson testified that he told the agents he could not consent because it was not his package. Wilson does not argue that his consent to a search of the package was involuntary; rather, he contends he did not consent to a search under any circumstances. Indeed, there is no evidence that consent, if given, was involuntary. It is undisputed that Wilson was advised of his Miranda rights, had experience as an adult with the criminal justice system, was detained and questioned for only a short period of time before consent was requested, and was not subject to any physical punishment or deprivation.

(Doc. 69 at 9.)

The Magistrate Judge also noted that the Court had already found Defendant not credible when he testified at the hearing that the package was not his and reasoned that "[f]or the same reasons, the Court finds not credible his testimony that he did not consent to a search of the package." (*Id.*)

Defendant objects to the finding of consent, arguing that even if the Magistrate Judge did not believe Defendant when he claimed the package was not his, it does not follow that Defendant would consent to the agent opening the package. (Doc. 84 at 11.) Defendant claims that the weight of the evidence is against the finding of consent. He claims that Agent Chicas testified that the Defendant verbally consented to agents opening the package (R.T. 7/18/16 at 47-48) but could not say how the Defendant gave such consent. Agent Chicas said it was possible that when asked if he could open the package, the Defendant told him "The package is not addressed to me" (*id.* at 58), but when pressed further, he became sure that the Defendant said something along the lines of "Go ahead and open it." (*Id.*) But Agent Chicas also testified that no consent to search form was signed because a verbal consent was sufficient. (R.T. 8/17/16 at 65-66.) Defendant points out that in contrast, he was required to sign a Recording Declination,

and according to Agent Chicas, a Consent to Search related to Defendant's cell phone. (R.T. 7/18/16 at 46, 48.)  Defendant argues that the agent's claims to have overlooked the written consent "strains credulity."  (Doc. 84 at 11.)

Defendant does not claim that his consent was involuntary; rather he claims he did not give consent. The test for voluntariness is the "totality of the circumstances" in obtaining consent.  The Magistrate Judge considered that Defendant had adult experience with the criminal justice system and had knowingly waived his *Miranda* rights.  Further, "he agreed that when the agents told him he had been under surveillance for a period of time for shipping the methamphetamine to Florida, he said 'What took you so long?'" (Doc. 69 at 9.)    In other words, as the R & R finds, Defendant "did not decline to participate in the interview or wholly deny involvement."  (*Id.*) The Magistrate Judge also had the opportunity to observe the demeanor of the witnesses testifying at the evidentiary hearing and found Defendant not credible.  The Court finds that Defendant consented to a search of the package.  Because the Court finds consent, the agents did not need probable cause or a warrant.

In sum, the Court overrules Defendant's objections.

IT IS ORDERED:

(1)    The R&R entered on September 7, 2016 (Doc. 69) is ADOPTED.

(2)    The Motion to Suppress Statements (Doc. 29) and the Motion to Suppress Fruits of Illegal Seizure (Doc 30) are DENIED.

///

///

///

///

///

///

///

///

1    **(3)    The Court affirms the trial date of December 13, 2016 at 9:00 a.m.**
2    **before the Hon. Cindy K. Jorgenson.**

3    **(4)    A Status Conference is set for December 12, 2016 at 11:30 a.m.**

4    **(5)    The deadline for filing proposed jury instructions and voir dire is noon**
5    **on December 7, 2016.**

6    Dated this 2nd day of December, 2016.

_____
Honorable Cindy K. Jorgenson
United States District Judge

- 7 -